IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW THIBEAULT<br>   *Plaintiff* | §<br>§<br>§ | |
| V. | §<br>§<br>§<br>§<br>§ | CASE NO. 4:24-cv-997 |
| ENSCO OFFSHORE LLC, and B.P<br>NORTH AMERICA, INC.<br>   *Defendants* | §<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant, Ensco Offshore LLC ("Ensco" or "Defendant"), files its Notice of Removal of this dispute to the United States District Court for the Southern District of Texas, Houston Division, and respectfully would show as follows:

### I.     GROUNDS FOR REMOVAL

1.     This case arises under the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331 *et seq.*, thereby conferring original jurisdiction in this Court pursuant to 28 U.S.C. § 1331.

2.     Therefore, this case is removable under 28 U.S.C. § 1441(a).

### II.     PENDING STATE SUIT

3.     On or about February 22, 2024, Plaintiff filed a civil action against Ensco in Cause No. 2024-11463; *Matthew Thibeault v. Ensco Offshore LLC, and B.P. North America Inc.* in the 190th Judicial District Court of Harris County, Texas ("State Court Action"). On March 15, 2024, BP America Inc., formerly known as BP North America Inc. ("BP") filed its Original Answer in the State Court Action. BP consents to this Notice of Removal.

4.     Ensco has attached the documents required to be filed with this Notice of

Removal in compliance with Local Rule 81.[1]

5. Plaintiff alleges that on or about June 12, 2023, he suffered alleged injuries while he was working on the Thunder Horse PQG, a production and drilling platform located in the "Mississippi Canyon Thunder Horse oil filed in the Gulf of Mexico."[2]

6. At all times relevant to the incident made the basis of this lawsuit, Plaintiff was working on a drilling platform named Thunder Horse ("Rig").[3] The Rig is a drilling and production platform that is fixed to the seabed.[4] The Rig was engaged in drilling operations for the production of minerals from beneath the seabed at the Mississippi Canyon OCS Block MC 778 located in the Gulf of Mexico on the Outer Continental Shelf. The United States Coast Guard identified the Rig as a "non-vessel."[5]

7. Given the location of the Rig, and the fact that it is a fixed drilling platform attached to the seabed, on the Outercontinental shelf of the United States, and engaged in the production of minerals from beneath the seabed, the Outer Continental Shelf Lands Act explicitly governs Plaintiff's claims.[6]

8. Curiously, Plaintiff "brings claims under the general maritime laws of the United States, the Outer Continental Shelf Lands Act ("OCSLA"), and the common law."[7] Plaintiff asserts claims for negligence against Ensco and B.P. North America Inc. ("BP"). As noted above, the Rig is a platform that is fixed to the seabed and is not a vessel as a matter of law.

---

[1] Plaintiff's Original Petition, attached hereto as Exhibit "A"; Proof of Service, attached hereto as Exhibit "B"; an Index of Matters Being Filed, attached hereto as Exhibit "C"; Copy of State Court Docket Sheet, attached hereto as Exhibit "D"; List of All Counsel of Record, attached hereto as Exhibit "E"; Floating OCS Facilities on the U.S. OCS - https://www.dco.uscg.mil/OCSNCOE/FOF/Index/., attached hereto as Exhibit "F"; and Civil Cover Sheet, attached hereto as Exhibit "G."
[2] *See* Exhibit A, Plaintiff's Original Petition, ¶ 9.
[3] *Id.; See also* Exhibit F, Floating OCS Facilities on the U.S. OCS - https://www.dco.uscg.mil/OCSNCOE/FOF/Index/.
[4] *Id.*
[5] *Id.*
[6] 43 U.S.C. §§ 1331 *et seq.*; *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340 (5th Cir. 1999); see *also Longmire v. Sea Drilling Corp.*, 610 F.2d 1342, 1348 (5th Cir. 1980).
[7] *See* Exhibit A, Plaintiff's Original Petition, ¶ 1.

9. Plaintiff claims that Ensco and BP owned, operated, maintained, controlled, and/or managed the Rig.[8] Plaintiff asserts negligence claims against Ensco and BP.[9]

10. The name and address of the state court from which the case is being removed is:

> 190th Judicial District Court
> Harris County Courthouse
> 201 Caroline Street
> Houston, Texas 77002

### III. STATE COURT DOCUMENTS AND EXHIBITS

11. The following documents are attached to this Notice of Removal:

Exhibit "A"   Plaintiff's Original Petition;

Exhibit "B"   Proof of Service;

Exhibit "C"   Index of Matters Being Filed;

Exhibit "D"   Copy of the state court Docket Sheet;

Exhibit "E"   List of all counsel of record, addresses, telephone numbers, and parties;

Exhibit "F"   Floating OCS Facilities on the U.S. OCS;

Exhibit "G"   Civil Cover Sheet;

Exhibit "H"   Defendant BP North America Inc.'s Original Answer.

### IV. TIMING OF REMOVAL

12. Ensco was served with Plaintiff's Original Petition on or about February 23, 2024. This Notice of Removal is being filed within 30 days of service of the petition upon Ensco and is timely filed under 28 U.S.C. § 1446(b).

### V. NOTICE TO ADVERSE PARTIES AND STATE COURT

13. As the removing party, Ensco will give Plaintiff prompt written notice of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

---

[8] *See* Exhibit A, Plaintiff's Original Petition, ¶ 10-14.
[9] *See* Exhibit A, Plaintiff's Original Petition, ¶ 15.

14. Ensco will also file a copy of this Notice of Removal with the 190th Judicial District Court of Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d).

## VI.    ANSWER

15. Ensco has not filed a responsive pleading in the state court action and will timely file an Answer to Plaintiff's lawsuit in this Court.

## VII.    PLAINTIFF'S ORIGINAL PETITION ESTABLISHES FEDERAL QUESTION JURISDICTION

16. Pursuant to 28 U.S.C. §§ 1331 and 1441(a), suits that raise a federal question can usually be removed. A federal question arises is two instances: (1) when a plaintiff's right to relief is created by federal law or (2) when the plaintiff's right to relief is created by state law but the resolution of the case necessarily depends on a substantial question of federal law.[10] A district court has federal-question jurisdiction when an action arises under the Constitution, laws, or treaties of the United States.[11] The presence or absence of a federal question is governed by the "well-pleaded-complaint rule," which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's complaint.[12]

17. Here, Plaintiff specifically alleges in his Petition that he "brings claims under…the Outer Continental Shelf Lands Act."[13]

18. In his Petition, Plaintiff claims that he worked "on the Thunder Horse PDQ semisubmersible oil platform located over the Mississippi Canyon Thunder Horse oil field in the Gulf of Mexico."[14] Critically, the Rig is located on the Outer Continental Shelf.

---

[10] *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).
[11] U.S. Const. art 3, § 2; 28 U.S.C. § 1331.
[12] *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).
[13] See Exhibit A, Plaintiff's Original Petition, ¶ 1.

19. The Rig is a platform drilling structure that is permanently affixed to the seafloor. The Rig has no independent navigation characteristics and is not capable of independent navigation. The Rig was engaged in drilling operations in the Gulf of Mexico on the Outer Continental Shelf at the time of the incident made the basis of this lawsuit.

20. This case is removable to this Court pursuant to 28 U.S.C. § 1441(b) as being a civil action brought in state court, but over which this federal district court has original jurisdiction. This district court has original jurisdiction over cases and controversies arising out of or in connection with activities occurring on the Outer Continental Shelf, 43 U.S.C. §§ 1331 *et seq*. The operations in question were conducted on the Outer Continental Shelf and in connection with the extraction of mineral resources from beneath the seabed of same. Therefore, Plaintiff's claims arise under the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331 *et seq.*, thereby raising a federal question and conferring original jurisdiction in this Court pursuant to 28 U.S.C. § 1331.[15]

## VIII.   VENUE

21. Under 28 U.S.C. § 1441(a), and in accordance with 28 U.S.C. § 1446(a), venue for a removed action is proper in this Court as the 190th Judicial District Court of Harris County, Texas, where the state action is pending, is located within the district and division.

22. Ensco will also file a copy of this Notice of Removal with the 190th Judicial District Court of Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d).

## IX.   JURY DEMAND

23. Ensco hereby requests a trial by jury pursuant to FED. R. CIV. P. 38.

---

[14] See Exhibit A, Plaintiff's Original Petition, ¶ 9.
[15] *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340 (5th Cir. 1999); *see also Longmire*, 610 F.2d at 1348.

## X. PRAYER

24. For these reasons and in conformity with 28 U.S.C. § 1446, Ensco respectfully asks that the Court find that civil action styled Cause No. 2024-11463; *Matthew Thibeault v. Ensco Offshore LLC, and B.P. North America Inc.* in the 190th Judicial District Court of Harris County, Texas be removed therefrom to this Honorable Court, and prays for such other and further relief, both general and special, at law and in equity, to which Ensco may show itself justly entitled.

Respectfully submitted,

*/s/Kelly C. Hartmann*
Thomas J. Smith
　State Bar No. 00788934
　Federal Bar No. 23773
Kelly C. Hartmann
　State Bar No. 24055631
　Federal Bar No. 777411
Denise N. Lambert
　State Bar No. 24066400
　Federal Bar No.
Trenton J. Wallis
　State Bar No. 24113454
　Federal Bar No. 3412033

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas   77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT,
ENSCO OFFSHORE LLC**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served electronically, by and through the Court approved electronic filing manager, to participating parties, via email and/or via hand delivery, and/or facsimile and/or certified mail, return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 18th day of March 2024, as follows:

                                                 */s/Kelly C. Hartmann*
                                                 Thomas J. Smith
                                                 Kelly C. Hartmann
                                                 Denise N. Lambert
                                                 Trenton J. Wallis