IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW THIBEAULT<br>  *Plaintiff* | §<br>§<br>§ | |
| V. | § | CASE NO. _____ |
| | §<br>§<br>§ | |
| ENSCO OFFSHORE LLC, and B.P<br>NORTH AMERICA, INC.<br>  *Defendants* | §<br>§<br>§ | |

# EXHIBIT A

**EXHIBIT A**



**CT Corporation**
**Service of Process Notification**
02/23/2024
CT Log Number 545826218

## Service of Process Transmittal Summary

**TO:** Deberah Patterson, Legal Dept Coordinator and Admin Asst
Valaris
5847 SAN FELIPE ST STE 3300
HOUSTON, TX 77057-3195

**RE:** Process Served in Texas

**FOR:** ENSCO Offshore LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: MATTHEW THIBEAULT // To: ENSCO Offshore LLC |
| CASE #: | 202411463 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| PROCESS SERVED ON: | C T Corporation System, Dallas, TX |
| DATE/METHOD OF SERVICE: | By Process Server on 02/23/2024 at 14:18 |
| JURISDICTION SERVED: | Texas |
| ACTION ITEMS: | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Deberah Patterson  deberah.patterson@valaris.com |
| | Email Notification,  Gary Ratcliff  gary.ratcliff@valaris.com |
| | Email Notification,  Rodney Mallams  rodney.mallams@valaris.com |
| | Email Notification,  JULIA MERCER  julia.mercer@valaris.com |
| REGISTERED AGENT CONTACT: | C T Corporation System
1999 Bryan Street
Suite 900
Dallas, TX 75201
866-401-8252
LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1

**EXHIBIT A**



## PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| Date: | Fri, Feb 23, 2024 |
| Server Name: | Tracy Edwards |

| | |
|---|---|
| Entity Served | ENSCO OFFSHORE LLC |
| Case Number | 2024-11463 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



**EXHIBIT A**

CAUSE NO. 202411463

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 983527
TRACKING NO: 74292808

| Plaintiff: | In The 190th |
| --- | --- |
| THIBEAULT, MATTHEW | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| ENSCO OFFSHORE LLC | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

To:   ENSCO OFFSHORE LLC (DELAWARE CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900, DALLAS TX 75201

Attached is a copy of: PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on February 22, 2024 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on February 23, 2024, under my hand and seal of said court.

| Issued at the request of: | Marilyn Burgess, District Clerk |
| --- | --- |
| Michael Null | Harris County, Texas |
| 5151 SAN FELIPESYE 100 | 201 CAROLINE   Houston Texas 77002 |
| HOUSTON, TX 77056 | (PO Box 4651, Houston, Texas 77210) |
| 713-489-1206 | |
| Bar Number: 24126251 | Generated By:CHANDRA LAWSON |

**EXHIBIT A**

Tracking Number: 74292808

**CAUSE NUMBER: 202411463**

| | |
|---|---|
| **PLAINTIFF: THIBEAULT, MATTHEW** | In the 190th |
| vs. | Judicial District Court of |
| **DEFENDANT: ENSCO OFFSHORE LLC** | Harris County, Texas |

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____
     By_____Deputy
        Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
                                     Notary Public

**EXHIBIT A**

2/22/2024 12:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 84793295
By: Chandra Lawson
Filed: 2/22/2024 12:59 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MATTHEW THIBEAULT | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ENSCO OFFSHORE LLC, and B.P. NORTH AMERICA INC. | § § | |
| | § | \_\_\_\_ JUDICIAL DISTRICT |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiff Matthew Thibeault files this Original Petition and Jury Demand against Defendants Ensco Offshore LLC, and B.P. North America Inc. and would respectfully show the Court as follows:

### I.  JURISDICTION & VENUE

1. Plaintiff brings claims under the general maritime laws of the United States, the Outer Continental Shelf Lands Act ("OCSLA"), and the common law. *See* 43 U.S.C. §1331 *et seq*.

2. Venue and jurisdiction are proper in this County under Texas Civil Practice & Remedies Code § 15.002.

3. Plaintiff seeks damages within the jurisdictional limits of this Court of over $1,000,000.

### II.  DISCOVERY LEVEL

4. Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

**EXHIBIT A**

### III. PARTIES

5. Defendant Ensco Offshore LLC is a company that maintains its principal place of business in Harris County, Texas. This Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

6. Defendant B.P. North America Inc. is a Delaware corporation with its principal place of business in Harris County, Texas. This Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

7. Plaintiff is an American citizen.

### IV. NATURE OF THE ACTION

8. This case is brough pursuant to general maritime law, the Outer Continental Shelf Lands Act, and the common law.

### V. FACTS

9. Plaintiff was recruited to work for C-Innovation as a Remotely Operated Vehicle (ROV) pilot technician located on the Thunder Horse PDQ semi-submersible oil platform located over the Mississippi Canyon Thunder Horse oil field in the Gulf of Mexico. On or about June 12, 2023, while servicing the deck sump system in furtherance of the operations of Defendants, Plaintiff was injured when he attempted to pull up the fiberglass grating on the moon pool sump. However, there were additional items left in the grating which dramatically increased the weight of these gratings. Due to this condition of the grating caused by, *inter alia*, the Defendants' planning of the operation and failure to properly maintain the items used in the operation, Plaintiff suffered serious and debilitating injuries to, *inter alia*, his neck, back, hip, knees, and other body parts due to Defendants' negligence.

// EXHIBIT A

10. Defendants owned the Thunder Horse PDQ semi-submersible oil platform. Defendants owed Mr. Thibeault the non-delegable duty to provide him with a safe and properly maintained work environment. The Defendants failed in that regard.

11. Defendants operated the Thunder Horse PDQ semi-submersible oil platform. Defendants owed Mr. Thibeault the non-delegable duty to provide him with a safe and properly maintained work environment. The Defendants failed in that regard.

12. Defendants maintained the Thunder Horse PDQ semi-submersible oil platform. Defendants owed Mr. Thibeault the non-delegable duty to provide him with a safe and properly maintained work environment. The Defendants failed in that regard.

13. Defendants controlled the Thunder Horse PDQ semi-submersible oil platform. Defendants owed Mr. Thibeault the non-delegable duty to provide him with a safe and properly maintained work environment. The Defendants failed in that regard.

14. Defendants managed the Thunder Horse PDQ semi-submersible oil platform. Defendants owed Mr. Thibeault the non-delegable duty to provide him with a safe and properly maintained work environment. The Defendants failed in that regard.

### VI. NEGLIGENCE AGAINST DEFENDANTS

15. Defendants are negligent and negligent *per se* for the following reasons:

    a. Failure to maintain the platform;

    b. Failure to properly staff the platform;

    c. Failure to provide proper rest and/or overworking the crew;

    d. Negligently undertaking to promulgate, enforce, and/or monitor safety, including policies and procedures at the corporate level; and/or

    e. Failure to maintain, inspect, and/or repair the platform's equipment;

    f. Operating the platform in an improper and unsafe manner;

**EXHIBIT A**

g. Disregarding warnings affecting safe operation of the deck sump servicing;

h. Failure to provide adequate medical treatment;

i. Failure to provide adequate safety equipment;

j. Failure to provide adequate equipment for the operations taking place;

k. Instructing employees to perform work in an unsafe manner;

l. Instructing and/or training employees to ignore warnings;

m. Failure to adequately communicate warnings to others;

n. Failure to properly train its employees;

o. Failure to properly supervise its crew;

p. Failure to provide an adequate crew;

q. Failure to properly supervise activities;

r. Failure to provide proper medical care and/or emergency response;

s. Vicariously liable for their employees' negligence and gross negligence;

t. Other acts deemed negligent and grossly negligent.

## VII. MISNOMER AND ASSUMED NAME

16. In the event any parties are misnamed and/or not included herein, such entities are/were "alter egos." Plaintiff relies on Texas Civil Statutes Article 6133 and/or Texas Rule of Civil Procedure 28 to properly identify the corporate Defendants herein.

## VIII. DEFENDANTS' CLAIMED AFFIRMATIVE DEFENSES

17. Any affirmative defenses asserted by Defendants are factually and legally inapplicable and incorrect.

## IX. RES IPSA LOQUITUR

18.     The doctrine of res ipsa loquitur applies in this case because the event is of a kind which does not ordinarily occur in the absence of negligence; other responsible causes are sufficiently eliminated by the evidence; and the negligence is with the scope of Defendants' duties.

## X. DAMAGES

19.     Plaintiff seeks damages within the jurisdictional limits of this Court in excess of $1 million including:

- Compensatory damages
- Actual damages
- Consequential damages
- Past and future lost income, earnings, and/or earning capacity
- Past and future medical care and medical costs/bills
- Past and future pain and suffering
- Past and future mental anguish
- Past and future impairment and/or loss of enjoyment of life
- Past and future disfigurement
- Past and future loss of household services
- Past and future loss of consortium
- Interest on damages (pre- and post-judgment)
- Attorney's fees
- Court costs
- Deposition costs
- Exemplary damages
- All damages available under the law
- Other relief as the Court may deem just and proper

## XI. CONDITIONS PRECEDENT

20.     All conditions precedent have been performed or have occurred.

## XII. NOTICE OF INTENT TO USE DOCUMENTS

21.     Plaintiff gives notice under Rule 193.7 that they intend to use materials produced in this case against the producing party.

**EXHIBIT A**

### XIII.   JURY DEMAND

22. Plaintiff requests a jury trial. Tex. R. Civ. P. 216(a).

### XIV.   INCORPORATION

23. Every foregoing and subsequent statement and sentence is incorporated into every other. In other words, any headings or divisions should not be taken to mean facts and allegations from other sections or subsections are not included in a particular section or subsection.

### XV.   PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants to appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiffs show they are justly entitled.

**EXHIBIT A**

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/ Michael R. Null*

Michael R. Null
Attorney-In-Charge
Michael R. Null
State Bar No. 24126251
Nicholas A. Morrow
State Bar No. 24051088
John D. Sheppard
State Bar No. 24051331
Daniel E. Sheppard
State Bar No. 24103929
5151 San Felipe, Ste 100
Houston, TX 77056
713.489.1206 tel
713.893.8370 fax
All E-Service To:
msfiling@morrowsheppard.com
nmorrow@morrowsheppard.com
jsheppard@morrowsheppard.com
dsheppard@morrowsheppard.com
mnull@morrowsheppard.com

COUNSEL FOR PLAINTIFF
MATTHEW THIBEAULT

**EXHIBIT A**